## CONSTRUCTION OF WILL.

[Circuit Court of Cuyahoga County.]

JAMES SILK, ADMINISTRATOR, v. JOHN S. MERRY ET AL.

Decided, November 18, 1901.

*Wills—Bequests—Fee Simple and Life Estates—Significance of the Connectives "And" and "And Also"—Presumption as to Intention of Testator—General Legacies to be Paid Out of Personal Property —Consumption of Personal Property—Section 5970, Providing That an Estate Shall Pass in Fee, Unless.*

1. A bequest of specific real estate, out of which no debt or legacy shall be paid, "and the rest and residue of my real property to have and hold during the term of his natural life," is a bequest of a fee simple estate in the property first mentioned, and of a life estate in the remainder.
2. In determining the extent of the estate devised; the word "and" will not be regarded as equivalent to "and also"; and a presumption as to the intention of the testator will be considered.
3. A bequest of "so much of my personal property as he may desire to use absolutely," conveys the right to consume as well as to use.
4. Unless otherwise directed by the will, general legacies are to be paid out of the personal property, before resort is had to the real estate.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This cause comes into this court by appeal from an order of the court of common pleas.

The petition was filed under favor of Section 6202, Revised Statutes, and was apparently tried in the court of common pleas without any question being raised, either by the court or counsel, as to the jurisdiction of the court to determine the questions sought to be determined in the action, and except as suggested by the court, no question has been made in this court as to such jurisdiction.

As all the parties interested in the matter are in court and no question is made as to the jurisdiction, we proceed to dispose of the case upon the assumption that we have such jurisdiction, though the question is by no means free from doubt.

Sarah Silk, who was a resident of this county, died testate

on January 6, 1899. Her will, which consisted of an original will and codicil, was duly admitted to probate, and James Silk, who is the surviving husband of the testatrix, was duly appointed and qualified as administrator with the will annexed of the estate of the decedent, and files his petition in that capacity. A copy of the will, including the codicil, is annexed to the petition, and the prayer is that the court determine the true intent and meaning of such will and the proper construction thereof.

The date of the original will is uncertain; the language of the will as to the ·date, is, "In witness whereof I hereunto set my hand and seal this first day of July, 1893, A. D. 1892." And such date is left uncertain by the codicil. The codicil, however, is dated April 27, 1898. It is immaterial, however, whether the original will was executed in 1892 or 1893.

The will and codicil read as follows:

"I, Sarah Silk, of the village of West Cleveland, Cuyahoga county, state of Ohio, being of sound mind and memory, do make and publish this my last will and testament hereby revoking all other wills by me heretofore made.

"Item 1. I direct all my just and lawful debts and funeral and testamentary expenses to be paid out of my estate.

"Item 2. I give and devise to my beloved husband James Silk my real property fronting on Detroit street in the village aforesaid out of which I direct that no debt, legacy or other charge herein provided for shall be paid or taken and the rest and residue of my real property to have and to hold during the term of his natural life.

"Item 3. I give and bequeath to John S. Merry, of 67 Hackman street, Cleveland, Ohio, son of my deceased sister Eliza, two thousand dollars, to be paid out of the residue of my estate.

"Item 4. I give, bequeath and devise the rest and residue of my estate to the heirs of my deceased husband, William Sheppard, the children of such of his heirs as may die prior to my decease to take their parents' share.

"Item 5. If under any circumstances the property conveyed to my husband, James Silk, aforesaid, by his mother, Maria Silk, by deed dated April 1, 1879, and recorded Vol. 300, page 268 of the record of deeds of said Cuyahoga county, should be-

come my property by descent, then and in that case I give and devise the same to the heirs of said Maria Silk.

"In witness whereof I hereunto set my hand and seal this first day of July, 1893, A. D. 1892.

[SEAL.] "SARAH SILK.

"Subscribed by testatrix in our presence who acknowledged to us the foregoing instrument to be her last will and testament and by us subscribed as witnesses in her presence at her request and in the presence of each other the day and date last above written.

"10 Johnson street, West Cleveland,

"MARY A. WILLOWS,
"JULIA WILKS,
"22 Courtland street, Cleveland, Ohio.

"Whereas, I, Sarah Silk, have made my foregoing will dated the first day of July, 1893, A. D. 1892, I make this my codicil to the same.

"Item first. I give and bequeath to my beloved husband so much of my personal property as he may desire to use absolutely in addition to the provision made for him in item second of my said will.

"Item second. I reduce the amount of the legacy given in item third of my said will to John S. Merry from two thousand to one thousand dollars.

"Item third. I give and devise to the West Madison Avenue Church of Christ in the city of Cleveland, Cuyahoga county, Ohio, sub-lot No. 13 in my subdivision on Sheppard (Shepherd) street now in said city.

"In witness whereof I hereunto subscribe my name this twenty-seventh day of April, A. D. 1898.

"SARAH SILK.

"Subscribed by testatrix in our presence, who acknowledged to us the foregoing instrument to be her codicil to her last will and testament, and by us subscribed as witnesses in her presence at her request, and in the presence of each other, the day and date last above written.

"HUGH THOW,
"EDWARD MERRY,
"Cleveland, Ohio."

The facts are, that the estate left by the testatrix consisted of both real and personal property; that there remains of the personal property, after the payment of all debts and expenses of

administration, something more than two thousand dollars in money; that the real estate consists of the property spoken of in the second item of the will as fronting on Detroit street, in the village of West Cleveland, and several vacant lots in the same village. This village has now been annexed to the city of Cleveland. The Detroit street property consists of a modest dwelling-house and a lot, the net income of which in its present condition is practically nothing; that is, the taxes, assessments, repairs and insurance would very nearly, if not quite, equal all the income which could be obtained from it in its present condition, and this is substantially true as to the balance of the real estate.

At the time of the execution of the original will, whether in 1892 or 1893, the health of James Silk, the husband of the testatrix, was good; he was then about sixty-two or sixty-three years of age, and was able to earn a comfortable support for himself. Before the execution of the codicil, Mr. Silk had met with an accident which has ever since rendered him unable to do any laborious work and practically unable to earn anything toward his support. Aside from the property bequeathed to him by the testatrix, he has very little, if any, means.

All the property of which the testatrix died seized, came to her under the will of a former husband, William Shepherd.

The items which the court is especially asked to construe, are first, the second item of the original will, which reads:

"Item 2. I give and devise to my beloved husband James Silk my real property fronting on Detroit street in the village aforesaid out of which I direct that no debt legacy or other charge herein provided for shall be paid or taken and the rest and residue of my real property to have and to hold during the term of his natural life."

The copy of the will attached to the petition is without any mark of punctuation after the period following the figure 2 until the end of the item, where there is a period. It is said that the original will is in the same condition, and it is urged on the part of the plaintiff that by this item the surviving husband takes a fee simple title to the Detroit street property and a life estate in the balance; while on the part of the defendants it is urged that the qualifying words "to have and to hold dur-

ing the term of his natural life," apply as well to the Detroit street property as to the balance of the real estate.

Section 5970, Revised Statutes, reads:

"Every devise of lands, tenements, or hereditaments, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate."

We are of opinion and so hold, that it does not clearly appear by this item of the will that the testatrix intended to convey to the devisee less than the fee-simple.

The words immediately following the devise of the Detroit street property, to-wit, "out of which I direct that no debt legacy or other charge herein provided for shall be paid or taken," indicate clearly a distinction to be made between the devise of the Detroit street property and the balance of the real estate. Except for such, there seems to be no reason why the Detroit street property should have been specifically mentioned at all, because if he was to take a life estate and a life estate only, in the Detroit street property, as well as in the balance of the real estate, *then* a devise of "all my real estate to my beloved husband James Silk to have and to hold during the term of his natural life," would have expressed exactly the meaning of the testatrix.

It is said, however, that these words, above quoted, following the devise of the Detroit street property, indicate exactly the distinction that was to be made between the two; but without these words the life estate could not have been subjected to the payment of any of the debts or legacies until the personal property had all been exhausted and the remainder in the real estate after the determination of the life estate had also been exhausted.

It will be observed that the language is stronger than simply that *no debts or legacies are to be paid*, because after the word "paid" follow the words "or taken?" It will further be observed that the two clauses of *Item* 2, to-wit, the clause by which the Detroit street property is devised, and the clause by which

the balance of the real estate is devised, are connected by the word "and" alone.

In *Noble* v. *Ayers,* 61 Ohio St., 491, it is held that where certain described real estate is devised to one, followed by the words "and also," another described parcel of real estate to the same devisee and that followed by the words "for and during her natural lifetime," created an estate in the devisee for life only in each parcel so devised. An examination of the opinion, however, shows that stress is laid upon the use of the words "and also," saying that these words are equivalent to "in like manner."

To the same effect is *Morgan* v. *Morgan,* 41 N. J. Eq., 235, and numerous other authorities which are found in 2 Am. & Eng. Enc. Law (2d Ed.), 177.

We are cited to one authority, and one only—nor have we found any other after a somewhat diligent search—where in a will the word "and" is construed as being equivalent to the words "and also." This is *Spirt* v. *Bence,* 4 Croke, 368. The case is an old one, adjudged in the reign of Charles I, and, so far as we have been able to ascertain has never been followed on this point.

Our construction is strengthened by the fact that it is to be presumed that this testatrix intended to give to her husband something which should be of substantial value to him, which the devise of the Detroit street property *for life only* would not have been, or, if it would have been of any value, it would have been very little. The nature of the property is such that the natural thing to do with it is something other than one would do who has but a life estate in it.

The other items which need to be considered are the third item of the original will, and the first and second items of the codicil.

By the first item of the original will a bequest is made to John S. Merry of two thousand dollars.

The first item of the codicil reads:

"I give and bequeath to my beloved husband so much of my personal property as he may desire to use absolutely in addition to the provision made for him in item 2d of my said will."

The second item of the codicil reads:

"I reduce the amount of the legacy given in item 3rd of my said will to John S. Merry from two thousand to one thousand dollars."

This second item of the codicil has the effect of making the bequest to John S. Merry the same as though the third item of the original will gave to him one thousand dollars, and the will is to be taken as a whole as though the third item so read. This being true, the rights of John S. Merry are to be treated as though the sum to which he is entitled were fixed in the third item of the original will at one thousand dollars. It follows that this sum of one thousand dollars is to be paid as any other bequest would be paid, which is, out of the personal property.

All general legacies are to be satisfied out of personal property before a resort can be had to real estate, unless otherwise directed by the will.

It will not be contended that the surviving husband is entitled either to the entire personal property or to the use of the entire personal property, in preference to the payment of the debts, so that resort should be had to the real estate for the payment of such debts; and the rule as to legacies is the same as the rule as to the payment of debts and expenses; that is, that unless some other property is designated as that out of which debts and legacies are to be paid, they must be paid from the personal property. See Raff's Guide (6th Ed.), page 153.

Suppose this administrator were to file a petition either in the probate court or the court of common pleas for the sale of real estate to pay the legacy to Merry, and it should appear from such petition that there was abundance of personal property with which to pay such legacy, it could hardly be contended that the court would be authorized to order a sale of the real estate.

It will be the order of the court, therefore, that this legacy be paid by the administrator out of the money remaining in his hands.

We think it clear as to the first item of the codicil, that it was the intention of the testatrix that her surviving husband should

have the use of all her personal property *after* the payment of the debts, costs and expenses and the legacy to John S. Merry during the period of his natural life, and that he should have the right, not only to the income of this personal property, but to consume of the principal so much as should be necessary for his reasonable and comfortable support, considering his circumstances and condition in life, and the order will be made accordingly.

*Gus. Schmidt* and *J. S. Grannis,* for plaintiff.
*Johnson & Hackney,* for defendants.